

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK G. TOEWS**
(212) 356-0871
mtoews@law.nyc.gov

December 11, 2024

**BY ECF**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> The initial pretrial conference scheduled for December 19, 2024 is canceled, and the proposed briefing schedule is adopted. The parties are relieved of the requirement to file Rule 56.1 statements.
>
> Date: 12/13/24
>
> SO ORDERED.
> *[signature]*
> LEWIS J. LIMAN
> United States District Judge

Re:  Keisha Archibald v. David C. Banks *et ano.*
     24-cv-5919 (LJL)

Dear Judge Liman:

I am an Assistant Counsel in the Office of the Corporation Counsel assigned to represent Defendants David C. Banks and New York City Department of Education ("Defendants") in the above-referenced action. I write jointly with Plaintiff's counsel, Peter Albert, Esq., to provide the Court with the Parties' positions regarding the initial pre-trial conference ("IPTC") scheduled for Thursday, December 19, 2024 at 2:00 p.m. As further explained below, the Parties respectfully request that the IPTC be adjourned *sine die*.

As this matter is an appeal of an administrative decision centered on whether N.A.'s unilateral placement at iBrain during the 2023-2024 school year was appropriate, the Parties agree that an IPTC and/or mediation would be unnecessary. The Parties believe this matter can be resolved through motions for summary judgment based upon the certified administrative record. Both parties have received a copy of the certified record.

In light of the foregoing, the Parties propose the following briefing schedule for the Parties' respective motions for summary judgment.

January 17, 2025: Plaintiff to file their motion for summary judgment;

February 28, 2024: Defendants to file their cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment;

- 2 -

April 4, 2025: Plaintiff to file their opposition to Defendants' cross-motion and reply.

April 18, 2025: Defendants to file their reply in further support of their cross motion, if any.

Please also find attached hereto the Parties' Joint Civil Case Management Plan and Scheduling Order. Kindly note that the Parties **do not** consent to conduct all further proceedings before the Magistrate and the Parties agree that no formal discovery is required beyond filing the certified administrative record.

Moreover, it is also respectfully submitted that because the inquiry here is not whether there are disputed issues of fact, the Rule 56.1 statements should be waived. While in IDEA actions, "the parties and the court typically style the decision as a ruling on a motion for summary judgment, [] 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. Of Educ. v. C.S.*, 990 F.3d 156,165 (2d Cir. 2021) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). Because the Parties' motions will be based solely on the administrative record, the Parties jointly and respectfully request that the Court waive the submission of 56.1 statements.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

_____/s/ MGT_____
Mark G. Toews
Assistant Corporation Counsel

cc.   **BY ECF**
      Plaintiff's counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
Keisha Archibald,                                              :
:
                                   Plaintiff(s),               :        __24__-cv-__5919__ (LJL)
:
                    -v-                                        :
:                    CASE MANAGEMENT PLAN AND
:                        SCHEDULING ORDER
David C. Banks et ano.,                                        :
:
                                   Defendant(s).               :
:
------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

   This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1.  All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2.  The parties [have __X__ / have not _____] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3.  The parties [have _____ / have not __X__] engaged in settlement discussions.

4.  Any motion to amend or to join additional parties shall be filed no later than __1/18/2025__. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] Note: Pursuant to Paragraph 3(C) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

    **Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. The parties should discuss any anticipated motion in advance of the Initial Pretrial Conference and should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than __N/A__. [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

6. All fact discovery is to be completed no later than __N/A__. [*A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

    a. Initial requests for production of documents shall be served by __N/A__.

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by __N/A__. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

    d. Depositions shall be completed by __N/A__.

    e. Requests to Admit shall be served no later than __N/A__.

8. All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by __N/A__. [*Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.*]

9. All discovery shall be completed no later than __N/A__.

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than __N/A__.

11. A post-discovery status conference shall be held on: __N/A__ at __N/A__. A joint letter updating the Court on the status of the case shall be filed on ECF by one

2

week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

    (1) all existing deadlines, due dates, and/or cut-off dates;

    (2) a brief description of any outstanding motions;

    (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

    (4) the status of settlement discussions;

    (5) the anticipated length of trial and whether the case is to be tried to a jury;

    (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Any motion for summary judgment must be filed no later than __2/28/2025__. [*Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.*]

13. This case [is ____ / is not _X_ ] to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is __N/A__.

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. __N/A__ Referral to a Magistrate Judge for settlement discussions.

    b. __N/A__ Referral to the Southern District's Mediation Program.

    c. __N/A__ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.
__N/A__
__N/A__

Counsel for the Parties:

Muriel Goode-Trufant, Corporation Counsel for the City of New York     by: Mark G. Toews

Brain Injury Rights Group, Ltd. for Plaintiff     by: Peter J. Albert

Dated:    12/11/2024
New York, New York

                         LEWIS J. LIMAN
                   United States District Judge